# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA
# HARRISBURG DIVISION

TIMOTHY OBERLE,

    Plaintiff,

vs.

COMMONWEALTH FINANCIAL
SYSTEMS, INC.,

    Defendant.

_____/

CASE NO.:

DIVISION:

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, TIMOTHY OBERLE, by and through the undersigned counsel, sues the Defendant, COMMONWEALTH FINANCIAL SYSTEMS, INC., a foreign corporation, and in support thereof respectfully alleges the following:

## JURISDICTION AND VENUE

1. This is an action for damages exceeding Fifteen Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and pursuant to 15 U.S.C. § 1692k(d) and/or pursuant to 28 U.S.C. § 1367 for pendant state law claims.

3. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"), and the rules and regulations applicable thereto, as set forth in 47 C.F.R. § 64.1200 (hereafter the "Rules and Regulations"), in addition to Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et*

*seq.* (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

4. The purpose of the TCPA is to prevent invasions of privacy that result from unwanted phone calls.

5. The purposes of the FDCPA and the FCCPA are to protect individuals from abusive debt collection practices.

6. The current principal place of business of Defendant, COMMONWEALTH FINANCIAL SYSTEMS, INC. (hereinafter, "COMMONWEALTH"), is in Dickson City, Pennsylvania. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in the State where the Defendant resides.

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person who is over the age of eighteen (18) who resides in Pinellas County, Florida.

8. Plaintiff is a debtor and/or alleged debtor as that term is defined by section 559.55(2), Florida Statutes.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is the "called party" with respect to the calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

11. At all times material hereto, Defendant COMMONWEALTH was and is a foreign corporation, authorized to conduct business and conducting business in Florida, with its principal office in Dickson City, Pennsylvania.

12. At all times material hereto, Defendant COMMONWEALTH did transact business in Pinellas County, Florida, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and/or section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt

from Plaintiff that arose from a transaction incurred for personal, family or household purposes and is therefore a "consumer debt."

13. As described herein, Defendant COMMONWEALTH employed business practices resulting in intentional harassment and abuse of the Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect alleged debts from Plaintiff.

14. Defendant COMMONWEALTH consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for Plaintiff's alleged debt to Defendant COMMONWEALTH on an unknown account.

15. Defendant COMMONWEALTH has engaged in collection conduct in violation of the TCPA, FDCPA and FCCPA, and constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives, on numerous occasions within the two (2) year period preceding the filing of this action. As described herein, Defendant implemented its unlawful conduct by initiating calls to Plaintiff's cellular telephone number, (727) 656-0442, regarding an alleged debt of $600.00.

16. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 656-0442, and was the called party and recipient of Defendant's, COMMONWEALTH, above described calls.

17. To date, Defendant COMMONWEALTH has placed approximately six-hundred (600) calls to Plaintiff's aforementioned cellular telephone number, and the calls are continuing through the date of filing of this Complaint.

18. Within the two (2) year period preceding the filing of this action, Defendant COMMONWEALTH intentionally harassed and abused the Plaintiff and his family, on numerous occasions, by and through its agents and representatives, by calling Plaintiff's aforementioned cellular telephone number several times during one day, up to five (5) times per day, and on back to back days, with such frequency as can reasonably be expected to harass, and said calls were continuing through the date of filing this Complaint.

19. Defendant COMMONWEALTH intentionally harassed and abused the Plaintiff and his family on numerous occasions, by and through its agents and representatives, by the refusal of its representative placing the call to provide adequate identification of himself/herself, refusing to provide adequate identification of the caller's employer, and by refusing to identify the source of the alleged debt.

20. Defendant COMMONWEALTH intentionally harassed and abused the Plaintiff on numerous occasions, by and through its agents and representatives, calling Plaintiff's aforementioned cellular telephone number and hanging up either prior to or as soon as the Plaintiff or the Plaintiff's voicemail answered the call.

21. Defendant COMMONWEALTH intentionally harassed and abused the Plaintiff in a verbal manner, by and through its agents and representatives, including but not limited to cursing at the Plaintiff, telling Plaintiff to "get a fucking life" and to "pay your fucking bills." Plaintiff was horrified and extremely distressed that a representative of Defendant COMMONWEALTH would speak to him in such an offensive manner.

22. Upon information and belief, the telephone calls at issue were placed by Defendant COMMONWEALTH using an "automated telephone dialing system" or "auto dialer," which has the capacity to store or produce telephone numbers to be called, using a

random or sequential number generator; and to dial such numbers, as defined by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

23. Defendant COMMONWEALTH initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

24. Additionally, although Defendant COMMONWEALTH did not have Plaintiff's "prior express consent" or "prior express invitation or permission" to place the calls at issue to Plaintiff's aforementioned cellular telephone number, Plaintiff verbally revoked any "prior express consent" that Defendant COMMONWEALTH mistakenly believed it had by unequivocally demanding on numerous occasions, beginning with the initial call placed by Defendant, that Defendant COMMONWEALTH cease placing calls to his aforementioned cellular telephone number in an attempt to collect the alleged debt at issue.

25. Furthermore, during several of the debt collection calls at issue, Plaintiff informed representatives of Defendant COMMONWEALTH that he was represented by the undersigned law firm, Morgan & Morgan, P.A., with respect to the alleged debt, and that any future efforts to collect the alleged debt from Plaintiff should be directed to Plaintiff's counsel.

26. Moreover, none of the telephone calls at issue were placed by Defendant COMMONWEALTH to Plaintiff's aforementioned cellular telephone for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

27. Defendant COMMONWEALTH has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling Plaintiff's aforementioned cellular telephone number, as described herein.

28. Defendant COMMONWEALTH willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

29. Despite actual knowledge of its wrongdoing, Defendant COMMONWEALTH continued its campaign of abuse.

30. Defendant COMMONWEALTH's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

31. Defendant COMMONWEALTH's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

32. Defendant COMMONWEALTH has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

33. Defendant COMMONWEALTH followed its corporate policy when attempting to communicate with the Plaintiff.

34. Defendant COMMONWEALTH has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

35. Defendant COMMONWEALTH has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## VIOLATIONS OF THE TCPA

36. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

37. None of the calls at issue were placed by Defendant COMMONWEALTH to Plaintiff's cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

38. Alternately, Plaintiff verbally revoked any "prior express consent" that Defendant COMMONWEALTH had or mistakenly believed it had by unequivocally demanding on numerous occasions, beginning with the initial call placed by Defendant, that Defendant COMMONWEALTH cease placing calls to his aforementioned cellular telephone number in an attempt to collect the alleged debt at issue.

39. Furthermore, none of the calls at issue were placed by Defendant COMMONWEALTH to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

40. Defendant COMMONWEALTH willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, and although Plaintiff had verbally revoked any express permission that Defendant mistakenly believed it had to place said calls, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1).

41. The TCPA provides Plaintiff with a private right of action against Defendant COMMONWEALTH for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant COMMONWEALTH for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and and for such other relief as this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FDCPA

42. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

43. Plaintiff has been the object of collection activity by Defendant COMMONWEALTH arising from an alleged consumer debt.

44. Defendant COMMONWEALTH is a "debt collector" as defined by the FDCPA.

45. Defendant COMMONWEALTH engaged in an act or omission prohibited under 15 U.S.C. §1692c(b) by leaving voicemail messages on Plaintiff's voice mail in such a way as to disclose information regarding Plaintiff and/or his debts to third parties.

46. Defendant COMMONWEALTH engaged in an act or omission prohibited under 15 U.S.C. §1692d engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

47. Defendant COMMONWEALTH engaged in an act or omission prohibited under 15 U.S.C. §1692d(2) by using obscene or profane language or language the natural consequence of which is to abuse the hearer.

48. Defendant COMMONWEALTH engaged in an act or omission prohibited under

15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

49. Defendant COMMONWEALTH engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

50. Defendant COMMONWEALTH engaged in an act or omission prohibited under 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of the alleged debt at issue.

51. Defendant COMMONWEALTH engaged in an act or omission prohibited under 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

52. Defendant COMMONWEALTH engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

53. Defendant COMMONWEALTH engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

54. Defendant COMMONWEALTH engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt

from Plaintiff.

55. Defendant COMMONWEALTH engaged in an act or omission prohibited under 15 U.S.C. §1692g(a) by failing to send Plaintiff the required written validation notice within five (5) days of the initial communication.

56. Defendant COMMONWEALTH's actions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. 1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, lost financing opportunities and financing terms making life more expensive for Plaintiff; and attorney fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant COMMONWEALTH for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper .

## COUNT III
### VIOLATIONS OF THE FCCPA

57. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

58. At all times material to this action Defendant COMMONWEALTH was and is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

59. Defendant COMMONWEALTH engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

60.  Defendant COMMONWEALTH engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

61.  Defendant COMMONWEALTH engaged in an act or omission prohibited under section 559.72(8), Florida Statutes, by using profane, obscene, vulgar, or willfully abusive language in communicating with the Plaintiff or any member of her or his family.

62.  Defendant COMMONWEALTH engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate.

63.  Defendant COMMONWEALTH engaged in an act or omission prohibited under section 559.72(18), Florida Statutes, by attempting to collect a debt from Plaintiff while having knowledge that Plaintiff was represented by counsel.

64.  The actions of Defendant COMMONWEALTH have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant COMMONWEALTH for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/Amanda Allen
Amanda J. Allen, Esquire
Pennsylvania Bar No.: 312132
Morgan & Morgan, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Email: AAllen@forthepeople.com
Secondary: JEstrada@forthepeople.com
Alternate: DMitchell@forthepeople.com
Counsel for Plaintiff